United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                              Case No. 11-15762-sr
Leelamma V. Mathew                                                                  Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 1              Date Rcvd: Jan 20, 2017
                              Form ID: 3180W           Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 22, 2017.
```
db              +Leelamma V. Mathew,    6017 Lawndale Ave.,    Philadelphia, PA 19111-5723
12495821        +HOUSING AND URBAN DEVELOPMENT,    2488 E. 81ST STREET, SUITE 700,    ATTN: BANKRUPTCY DEPT.,
                  Tulsa, OK 74137-4267
12637873        +U.S. Bank National Association,    for the PA Housing Finance Agency,    211 N. Front Street,
                  Attn: Bankruptcy Dept.,    Harrisburg, PA 17101-1406
13664401        +U.S. Department of Housing and Urban Development,     451 7th Street S.W.,
                  Washington, DC 20410-0002
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: bankruptcy@phila.gov Jan 21 2017 01:59:50     City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 21 2017 01:58:56
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 21 2017 01:59:43     U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12576355         E-mail/Text: bankruptcy@phila.gov Jan 21 2017 01:59:50     City of Philadelphia,
                  SchoolDistrict of Philadelphia,    Law Department - Tax Unit,    One Parkway Building,
                  1515 Arch Street, 15th Floor,    Philadelphia, PA  19102-1595
12540882         E-mail/Text: ebn@vativrecovery.com Jan 21 2017 01:58:46     Palisades Acquisition IX LLC,
                  Vativ Recovery Solutions, LLC dba SMC,    As agent for Palisades Acquisition IX LL,
                  PO Box 40728,    Houston, TX 77240-0728
                                                                                                TOTAL: 5

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 22, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 19, 2017 at the address(es) listed below:
```
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION Et Al...
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              LEON P. HALLER    on behalf of Creditor    Pennsylvania Housing Finance Agency lhaller@pkh.com,
               dmaurer@pkh.com
              LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION Et Al... lhaller@pkh.com,
               dmaurer@pkh.com
              MICHAEL A. LATZES    on behalf of Debtor Leelamma V. Mathew efiling@mlatzes-law.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              THOMAS I. PULEO    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION Et Al...
               tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                TOTAL: 8
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Leelamma V. Mathew** | Social Security number or ITIN  **xxx–xx–8283** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11–15762–sr** | |

## Order of Discharge                                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Leelamma V. Mathew

1/19/17                                                           **By the court:**    Stephen Raslavich
                                                                                         United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**